Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL II**

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>vs.<br><br>George W. Morales Malavé<br><br>Peticionario | TA2026CE00690 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: ISCR201901212<br><br>Sobre: A404SC/ Posesión Sust. Controladas Sin Receta |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece ante nos, por derecho propio y como indigente, George W. Morales Malavé (Morales Malavé o peticionario), quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación en la Institución Correccional Ponce 1,000. Solicita que revoquemos la *Resolución* dictada el 24 de abril de 2026, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI). Mediante la misma, el TPI declaró *No Ha Lugar* la moción de corrección de sentencia presentada por el peticionario.

Por los fundamentos que expresamos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

**I.**

Según surge del expediente, el 11 de enero de 2022, Morales Malavé suscribió una *Moción sobre Alegación Pre-Acordada*, mediante la cual solicitó, junto al Ministerio Público: (1) enmendar las acusaciones que pesaban en su contra para que imputaran dos (2) violaciones al Artículo 404 de la Ley Núm. 4 de 23 de junio de

1971, según enmendada, 24 LPRA sec. 2101 *et. seq.*, conocida como "*Ley de Sustancias Controladas de Puerto Rico*" (Ley de Sustancias Controladas)[1] y (2) archivar las acusaciones bajo la Ley Núm. 168 de 11 de diciembre de 2019, según enmendada, 25 LPRA sec. 461 *et. seq.*, conocida como "*Ley de Armas de Puerto Rico de 2020*" (Ley de Armas). Al mismo tiempo, recomendaron al Tribunal una sentencia de **cinco (5) años consecutivos con otros cinco (5) años por las infracciones al Art. 404 de la Ley de Sustancias Controladas, para un total de 10 años en probatoria**. Morales Malavé **se declaró culpable** por las violaciones al Art. 404 de la Ley de Sustancias Controladas.

Examinado el preacuerdo y analizado el derecho aplicable, el Tribunal de Primera Instancia emitió una *Resolución* aceptándolo. Lo anterior, luego de cerciorarse que se realizó con pleno conocimiento, conformidad y voluntariedad de Morales Malavé y que era conveniente a una sana administración de la justicia,

En lo pertinente, el 8 de marzo de 2022, el TPI dictó una *Sentencia* por medio de la cual, en la infracción al **Art. 404 de la Ley de Sustancias Controladas**, condenó a Morales Malavé a una pena de **cinco (5) años consecutivos con el caso núm. ISCR201901213** (también cinco (5) años por otra infracción al Art. 404 de la Ley de Sustancias Controladas) **para un total de diez (10) años en libertad a prueba**. La suspensión de la sentencia a tenor con la Ley Núm. 259 de 3 de abril de 1946 estaba sujeta a varias condiciones especiales.

El 29 de noviembre de 2023, se llevó a cabo el juicio en su fondo por los casos número ISCR202300282, ISCR202300283, ISCR202300284, ISCR202300285, ISCR202300286, ISCR202300287 presentados contra Morales Malavé bajo la Ley de

---

[1] Se reclasificó una violación al Art. 401 de la Ley de Sustancias Controladas por una violación al Art. 404.

Armas. Sobre dichos casos, el juzgador de los hechos dictó una sentencia total de 22 años. A su vez, se celebró una vista final de revocación de probatoria.

En cuanto a los dos (2) casos por infracción al Art. 404 de la Ley de Sustancias Controladas, el foro *a quo* revocó la libertad a prueba de Morales Malavé por contravención a las condiciones impuestas en la *Sentencia* del 8 de marzo de 2022. Consecuentemente, lo declaró culpable e impuso una pena de cinco (5) años en cada delito de forma consecutiva para un total de 10 años a cumplir en prisión. Se ordenó la bonificación del término de nueve (9) meses durante el cual Morales Malavé realizó unos ajustes favorables. El Tribunal aclaró que dicha pena sería cumplida consecutiva con los delitos bajo la Ley de Armas, para un total de 31 años y tres (3) meses a cumplir en prisión.[2]

Así las cosas, el 7 de abril de 2026, Morales Malavé instó ante el foro *a quo* una *Moción de Solicitud de Corrección de Sentencia, al Amparo de la Ley 185 de Procedimiento Criminal y Artículos 71 y 72 del Código Penal 2012*. Esencialmente alegó que, su sentencia de 10 años en el 2022, luego de una alegación preacordada, era errónea, por cuanto no se le aplicó el concurso real o ideal de los delitos. Ante ello, solicitó al TPI su corrección; específicamente que se dictara sentencia de cinco (5) años de cárcel a cumplirse con otros (5) años **de forma concurrente y no consecutiva**, por las infracciones a la Ley de Sustancias Controladas.

Atendida la antedicha petición, el 24 de abril de 2026, el TPI dictó el pronunciamiento que hoy revisamos: "*No Ha Lugar.*"

Inconforme, Morales Malavé acude ante este Foro y alega que el Tribunal de Primera Instancia erró al denegar su solicitud al amparo de la Regla 185 de Procedimiento Criminal, *infra*.

---

[2] Véase, *Resolución y Sentencia* del 29 de noviembre de 2023.

Mediante *Resolución* emitida el 3 de junio de 2026, concedimos término al Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General (parte recurrida), para fijar su posición sobre el recurso de epígrafe.

El 12 de junio de 2026, la parte recurrida incoó una *Solicitud de Desestimación*.

## II.

## A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Allio v. Santiago Chardón y otros*, 2026 TSPR 14, 217 DPR ___; *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), expone los criterios para la expedición del auto de *certiorari*. Véase, *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012).[3]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso

---

[3] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

constituiría un abuso de discreción. *García v. Padró,* 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
*Íd.*

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte

que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

El proceso provisto por la Regla 185 de Procedimiento Criminal de Puerto Rico, 34 LPRA Ap. II, R. 185, se considera el mecanismo adecuado para corregir o modificar la pena impuesta cuando la sentencia es ilegal, tiene errores de forma, impuso un castigo distinto al previamente establecido, o cuando por razones justicieras amerita que se reduzca la pena impuesta. *Pueblo v. Vélez Torres*, 212 DPR 175, 182 (2023); *Pueblo v. Silva Colón,* 184 DPR 759, 774 (2012). La referida Regla dispone:

> (a) Sentencia ilegal; redacción de la sentencia - El tribunal sentenciador podrá corregir una sentencia ilegal en cualquier momento. Asimismo, podrá, por causa justificada y en bien de la justicia, rebajar una sentencia dentro de los noventa (90) días de haber sido dictada, siempre que la misma no estuviere pendiente en apelación, o dentro de los sesenta (60) días después de haberse recibido el mandato confirmando la sentencia o desestimando la apelación o de haberse recibido una orden denegando una solicitud de *certiorari.*
>
> (b) Errores de forma - Errores de forma en las sentencias, órdenes u otros documentos de los autos y errores en el expediente que surjan por la inadvertencia u omisión podrán corregirse por el tribunal en cualquier momento, y luego de notificarse a las partes, si el tribunal estimara necesaria dicha notificación.
>
> (c) Modificación de sentencia - El tribunal podrá modificar, a solicitud por escrito del Ministerio Público, previa autorización del Jefe de Fiscales en consulta con el Secretario de Justicia, una sentencia de reclusión cuando el convicto coopere en una investigación o procesamiento criminal, en cumplimiento con el Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011 y con los requisitos del Artículo 11 del Código Penal de Puerto Rico.

En el primer inciso de la Regla 185 de las de Procedimiento Criminal de Puerto Rico, *supra*, se diferencian dos escenarios; a saber: cuando se aduce que la sentencia objeto de cuestionamiento es una ilegal o cuando se parte de la premisa de que la decisión es válida. Por sentencia ilegal se entiende aquella dictada sin jurisdicción o aquella decretada por el tribunal sentenciador en total

transgresión a la ley penal. Por tal razón, aquellas sentencias que no se ajustan a la letra de la ley, por haberse impuesto una pena contraria a lo que dispone el estatuto, se consideran nulas e inexistentes por ser las leyes penales de carácter jurisdiccional.[4] En vista de ello, el tribunal puede corregir una sentencia ilegalmente emitida en cualquier momento. *Pueblo v. Casanova Cruz*, 117 DPR 784, 786 (1986).

Por otro lado, debemos recordar que es norma firmemente establecida que el tribunal sentenciador tiene amplia discreción para disponer lo que proceda en derecho. Nuestro más Alto Foro ha establecido que, como regla general, los tribunales apelativos no intervendremos con el ejercicio de la discreción del tribunal de instancia en la imposición de la pena, salvo en los casos de claro abuso de discreción. *Pueblo v. Rodríguez Santana*, 146 DPR 860 (1998); *Pueblo v. Pérez Zayas,* 116 DPR 197 (1985).

### III.

En su escrito, el peticionario expresa que incidió el foro primario al emitir su dictamen relacionado con la Regla 185 de Procedimiento Criminal. Afirma que procede la corrección de la sentencia impuesta en los casos bajo la Ley de Sustancias Controladas, porque, a su entender, aplica el concurso real o ideal de los delitos que estipula el Código Penal de 2012. Aduce que la sentencia por las infracciones a la Ley de Sustancias Controladas, debe ser cinco (5) años de prisión (caso núm. ISCR201901212) concurrentes con otros cinco (5) años (caso núm. ISCR201901213) y no un total de 10 años.

Analizado el expediente a la luz de las circunstancias específicas de este caso, avalamos la determinación del TPI de denegar la moción presentada por el peticionario. De la *Moción*

---

[4] *Pueblo v. Silva Colón,* supra; *Pueblo v. Lozano Díaz,* 88 DPR 834, 840 y 842 (1963).

*sobre Alegación Pre-Acordada* se desprende que el peticionario concertó con el Ministerio Público hacer alegación de culpabilidad por dos violaciones a la Ley de Sustancias Controladas. Además, se benefició del archivo de varias infracciones a la Ley de Armas. La pena recomendada fue de (5) cinco años consecutivos con otros cinco (5) años para un total de 10 años en probatoria.[5] **El preacuerdo no expresa en ninguna parte la concurrencia de las penas**. Así, la *Sentencia* por las infracciones a la Ley de Sustancias Controladas recogió lo dispuesto en la referida alegación preacordada. La misma se considera legal por estar dentro de los parámetros permitidos. Por ende, no procede su corrección.

En suma, no encontramos justo motivo para alterar, como pretende el peticionario, la determinación que hizo el TPI. Esta fue correcta en derecho y no presenta indicios de prejuicio, parcialidad o error craso o manifiesto.

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*.

Se declara *No Ha Lugar* la solitud de desestimación incoada por el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[5] Cabe destacar que el peticionario no incluyó estos documentos en su recurso. Según ordenado por este Foro, el 17 de junio de 2026, la secretaria regional interina de la Región Judicial de Mayagüez nos remitió los mismos.